IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DAVID F. PETRANO, and
MARY KATHERINE DAY-PETRANO,
husband and wife,

    Plaintiffs,

v.                                                    Case No. 1:12-cv-86-SPM-GRJ

OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY, et al.,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

This case is before the Court on Plaintiffs' responses to the Court's Order to Show Cause. (Docs. 121, 122.) On August 16, 2012, the Court entered an Order to Show Cause, requiring Plaintiffs to show cause why the claims against all defendants except the Nationwide defendants should not be severed and dismissed due to misjoinder. (Doc. 116.) The Court also required Plaintiffs to show cause why the Amended Complaint should not be dismissed for failure to comply with Federal Rule of Civil Procedure 8, and for failure to comply with a court order. *Id.* For the following reasons, the undersigned recommends that claims against all defendants except the Nationwide defendants be dismissed, and that Plaintiff Mary Day-Petrano's request to file a Second Amended Complaint be denied.

The background to this case is this. On June 13, 2012, the Court entered an omnibus order responding to Plaintiffs' original complaint against thirteen defendants, as well as thirty-one pending motions. In that Order, the Court noted that the original

complaint was "not a short and plain statement" and was due to be dismissed with leave to amend.  (Doc. 74, at 9.)  The original complaint included seventeen counts against thirteen defendants, spanned more than 139 pages, and inappropriately linked together many unrelated claims against unrelated defendants.  The Court described the complaint as "a classic example of a shotgun pleading." *Id.* at 10.  The order stated that "Plaintiffs will be required to file an amended complaint in compliance with Rule 8 of the Federal Rules of Civil Procedure and limited to one – and only one –occurrence, which raises a federal claim." *Id.* at 11.  The Court went on to detail numerous problems with the complaint that required dismissal, but provided Plaintiffs with an opportunity to correct these deficiencies in an amended filing.

In response to the Court's order, and after being granted a thirty-day extension of time, Plaintiffs filed an amended complaint.  (Doc. 113.)  The new complaint spanned 226 pages.  It listed at least 17 claims against no fewer than 57 named defendants and 100 John Doe defendants.[1]  In short, Plaintiffs responded to the Court's order—to file an amended complaint that comprised a short and plain statement of their claims—with a complaint that exacerbated the issues present in the original filing.  Plaintiffs added 44 new defendants, and propounded claims that appear to arise from decades of unrelated incidents of perceived discrimination.  They ranged from Plaintiff Mary Day-Petrano's rejection from the California Bar, to anonymous "Autism bullying" on Plaintiff Mary Day-Petrano's Facebook page, to the apparent foreclosure on Plaintiffs' property.  Far from filing a complaint which is "limited to one—and only one—occurrence, which

---

[1]The counts are inconsistently numbered in the amended complaint, with several numbers repeated more than once.

*Case No: 1:12-cv-86-SPM-GRJ*

raises a federal claim," as the Court's order directed, Plaintiffs proceeded in the other direction altogether.  This is in direct contravention of Federal Rule of Civil Procedure 8(a), which states that a pleading *must* contain "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief."  The Court has already written at length about the harmful effect of such shotgun pleadings on case management and the judiciary as a whole.  (Doc. 74, at 10-11.)

The amended complaint also violated Federal Rule of Civil Procedure 20, which governs the joinder of parties.  As previously noted, the original complaint asserted claims against 13 defendants.  Plaintiffs neither requested nor received permission from the Court to add 144 additional defendants in their amended complaint.  Federal Rule of Civil Procedure 20(a)(2) states that multiple defendants may be joined in the same action only if, first, "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences."  Second, there *must* be a "question of law or fact common to all defendants" in the action.  Both prongs of the test must be met in order for joinder to be appropriate.  *See Don King Prods., Inc. V. Colon-Rosario, et al.*, 561 F. Supp. 2d 189, 191 (D. Puerto Rico 2008).  Neither of those requirements is met here.  For example, to take only two of the 57 defendants, Plaintiffs assert that the California Bar discriminated against Plaintiff Mary Day-Petrano by employing "NeuroTypical" character and fitness criteria in bar admissions.  (Doc. 113, at 61.)  Plaintiffs also assert that the United States Department of Justice has conspired to violate the civil rights of persons of Jewish ancestry who have autism, by interfering with these persons' right to

live in the community.  (Doc. 113, at 126.)   These claims do not share any question of law or fact, and clearly do not arise from the same transaction or occurrence.  Without parsing all of the various claims against all 157 defendants at this time, the undersigned notes that similar problems are present in all claims.

Further, even if joinder is proper (which it is not), the Court may sever defendants based on considerations of fundamental fairness,

> pursuant to the Court's discretionary authority set forth in Federal Rules of Civil Procedure 20(b) and 21.  *Lenon v. St. Paul Mercury Ins. Co.,* 136 F.3d 1365, 1371 (10th Cir.1998) (Rule 21 permits the district court "considerable discretion" to dismiss parties "on such terms as are just"); *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1296 (9th Cir.2000) (court may sever claims under Rule 20 if joinder would violate "fundamental fairness" or result in prejudice to either side).  Even when the specific requirements of Rule 20 are satisfied, the Court must consider whether permissive joinder "will comport with the principles of fundamental fairness" or cause undue prejudice to any party.  *Desert Empire Bank v. Ins. Co. of N.A.,* 623 F.2d 1371, 1375 (9th Cir.1980); *see also Intercon Research Assoc., Ltd. v. Dresser Indus.,* 696 F.2d 53, 58 (7th Cir.1982) (permissive joinder should be denied where it would create undue prejudice, expense, or delay).

*Malibu Media, LLC v. John Does 1-5*, No. 12-cv-1405-WJM, 2012 WL 3030300, *3 (D. Colo. July 25, 2012).  Here, it is clear that allowing this action to go forward against 57 named defendants and 100 John Doe defendants—the majority of which are sued under unrelated theories and based on unrelated events—would create massive case management problems, would prejudice the defendants, and would be fundamentally unfair.  At the very least, because of the numerous and unrelated occurrences that give rise to these varied claims, it is likely that the defendants will present unique defenses that will require different evidence.  *See Don King Prods., Inc.*, 561 F. Supp. 2d at 192 (where claims against multiple defendants arose from distinct transactions and would

give rise to unique defenses, the plaintiff's "convenience to bring all claims against these defendants in one action without paying fees for each defendant, is outweighed by the prejudice and delay it would put on the Court's shoulders, as well as each defendant's defense counsel").

Under Federal Rule of Civil Procedure 21, the proper remedy for improper joinder of parties is not dismissal.  Rather, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party." *Id.*  The most appropriate resolution would be to sever and dismiss all claims except those against the first named defendants against whom there are, at least at first reading, related claims: Nationwide Mutual Fire Insurance Company, Earl Charles Law, and Carl Schwait ("the Nationwide defendants").

Prior to recommending that the claims against the non-Nationwide defendants be severed and dismissed, the Court issued an Order to Show Cause.  Plaintiffs David Petrano and Mary Day-Petrano responded separately.  Plaintiff David Petrano agreed with the Court that the other claims should be severed and dismissed, and requested permission to go forward against the Nationwide defendants. (Doc. 121.)  Plaintiff Mary Day-Petrano argued that joinder was proper because all Defendants discriminated against her because of her autism and her ethnic background. (Doc. 122.)  She also argued that requiring her to comply with the federal pleading requirements is itself discriminatory.  For the reasons set out above, these arguments are unpersuasive.

Finally, Plaintiff Mary Day-Petrano requested leave to file a Second Amended Complaint, which again asserts claims against 57 named Defendants and 100 John Doe Defendants.  Because the Second Amended Complaint—like the First Amended

Complaint—fails to comply with Federal Rules of Civil Procedure 8 and 20, and fails to comply with the Court's omnibus order of June 13, 2012, leave to file the Second Amended Complaint should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that:

1. Plaintiffs' claims against all defendants except the Nationwide defendants—Nationwide Mutual Fire Insurance Company, Earl Charles Law, and Carl Schwait—should be severed and dismissed due to misjoinder.

2. Alternatively, Plaintiffs' claims against all defendants except the Nationwide defendants should be dismissed for failure to comply with Federal Rule of Civil Procedure 8 and for failure to comply with a court order.

3. Plaintiff Mary Day-Petrano's motion for leave to file a Second Amended Complaint should be denied.

**IN CHAMBERS** at Gainesville, Florida, this 4th day of September, 2012.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**