IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DAVID F. PETRANO, and
MARY KATHERINE DAY-PETRANO,
husband and wife,

       Plaintiffs,

v.                                 Case No. 1:12-cv-86-SPM-GRJ

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY, et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiffs David Petrano and Mary Katherine Day-Petrano filed a First Amended

Complaint, Doc. 113, asserting claims against 57 named defendants and 100 John Doe

defendants.  On November 29, 2012, the district court adopted the undersigned's report

and recommendation, severing and dismissing all defendants due to misjoinder except

the three first-named defendants in the action (the "Nationwide defendants").(Doc. 152.)

The Nationwide defendants—Nationwide Mutual Fire Insurance Company, Carl

Schwait, and Earl Law—have moved to dismiss the First Amended Complaint for failure

to state a claim upon which relief can be granted.  (Docs. 154, 156.)  Plaintiffs filed an

"omnibus response" to the motions to dismiss, Doc. 163, and therefore this matter is

ripe for review.  For the following reasons, the undersigned recommends that the

motion to dismiss should be granted, and that this case should be dismissed.  The

undersigned also recommends that Plaintiff Mary Katherine Day-Petrano's "Motion

Requesting Court to Take Judicial Notice of Exhibit "A" of Social Security Action" should

be denied as moot.

# I.  BACKGROUND

Plaintiffs' original complaint asserted seventeen counts against thirteen defendants, spanned more than 139 pages, and inappropriately linked together many unrelated claims against unrelated defendants.  These claims ranged from claims of discrimination under the Americans with Disabilities Act, to Plaintiffs' dispute with an insurer over an automobile accident, to a land dispute related to an easement.  The Court described the complaint as "a classic example of a shotgun pleading."  (Doc. 74, at 10.)  The Court directed Plaintiffs "to file an amended complaint in compliance with Rule 8 of the Federal Rules of Civil Procedure and limited to one – and only one –occurrence, which raises a federal claim."  *Id.* at 11.  The Court went on to detail numerous problems with the complaint that required dismissal, but provided Plaintiffs with an opportunity to correct these deficiencies in an amended filing.

In response to the Court's order, and after being granted a thirty-day extension of time, Plaintiffs filed an amended complaint.  (Doc. 113.)  The new complaint spanned 226 pages.  It listed at least 17 claims against no fewer than 57 named defendants and 100 John Doe defendants.[1]  In short, Plaintiffs responded to the Court's order—to file an amended complaint that comprised a short and plain statement of their claims—with a complaint that exacerbated the issues present in the original filing.  Plaintiffs added 44 new defendants, and propounded claims that appear to arise from decades of unrelated incidents of perceived discrimination.  They ranged from Plaintiff Mary Day-

---

[1]The counts are inconsistently numbered in the amended complaint, with several numbers repeated more than once.

Petrano's rejection from the California Bar, to anonymous "Autism bullying" on Plaintiff

Mary Day-Petrano's Facebook page, to the apparent foreclosure on Plaintiffs' property.

Far from filing a complaint which is "limited to one—and only one—occurrence, which

raises a federal claim," as the Court's order directed, Plaintiffs proceeded in the other

direction altogether. In response to this filing, the Court recommended that the majority

of the defendants be severed and dismissed due to Plaintiffs' violation of Federal Rule

of Civil Procedure 20, which governs the joinder of parties.  The case went forward

against the first named defendants against whom there appeared to be related claims:

Nationwide Mutual Fire Insurance Company, Earl Charles Law, and Carl Schwait ("the

Nationwide defendants").

## II. <u>DEFENDANT'S MOTION TO DISMISS</u>

Defendants assert that the First Amended Complaint violates Federal Rule of

Civil Procedure 8, because it is a shotgun pleading.  Defendants note that while

Plaintiffs are proceeding *pro se*, Plaintiff David Petrano is a licensed attorney and

member of the Florida Bar, and Plaintiff Mary Katherine Day-Petrano passed the bar

exam in the state of California.  Defendants contend that the First Amended Complaint

contains scandalous, irrelevant, and defamatory content, and that at the least, the

complaint fails to give Defendants "fair notice of what . . . [Plaintiffs'] claim[s] [are] and

the grounds upon which [they] rest[].  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545

(2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Defendants also assert that the First Amended Complaint violates Federal Rule

of Civil Procedure 10(b), which requires that a "party must state its claims or defenses

in numbered paragraphs, each limited as far as practicable to a single set of

circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence--and each defense other than a denial--must be stated in a separate count or defense."  Defendants assert that Plaintiffs' allegations are confusing, rambling, and include multiple sets of circumstances and claims in a single paragraph.

Defendants assert that in addition to violating Federal Rules of Civil Procedure 8 and 10(b), Plaintiffs' complaint has failed to state a claim upon which relief can be granted against any of the Nationwide defendants.  Defendants argue that Plaintiffs have failed to provide sufficient factual detail to support their claims under the Americans with Disabilities Act, 42 U.S.C. § 1981, 42 U.S.C. § 1982, 42 U.S.C. § 1983, 42 U.S.C. § 1985(3), and 42 U.S.C. § 1986.  Defendants also argue that Plaintiffs have failed to state a claim against the Nationwide defendants with respect to the insurance policy on their automobile.

## III.  <u>STANDARD OF REVIEW</u>

For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiffs, consider the allegations of the complaint as true, and accept all reasonable inferences therefrom.  *See, e.g., Jackson v. Okaloosa County, Fla.*, 21 F.3d 1532, 1534 (11th Cir.1994).  Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits.  Fed. R. Civ. P. 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir.1993).

In *Ashcroft v. Iqbal*, . ___U.S. ___, 129 S.Ct. 1937, 1950 (2009), the Supreme Court articulated a two-pronged approach for evaluating a motion to dismiss under Rule 12(b)(6): The court must first determine what factual allegations in the complaint are

entitled to a presumption of veracity, and then assess whether these facts give rise to an entitlement for relief.  In determining whether factual allegations are entitled to the presumption of truth, the Court stated that it was not whether the facts are "unrealistic or nonsensical" or even "extravagantly fanciful," but rather it is their conclusory nature that "disentitles them to the presumption of truth." *Iqbal*, 129 S.Ct. at 1951. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 546 (2007).  "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. Saint Lucie County School Bd.,* 2010 WL 3995824, **1 (11th Cir. 2010) (unpublished) (citations omitted) (applying pleading standards of *Iqbal* and *Twombly* to *pro se* complaint).[2]

## IV. DISCUSSION

### (1) Rule 8 of the Federal Rules of Civil Procedure

Defendants first argue that the First Amended Complaint violates Rule 8(a) of the Federal Rules of Civil Procedure, which mandates that a pleading *must* contain "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief."  In the Report and Recommendation of September 4, 2012, the undersigned agreed that the First Amended Complaint was "in direct contravention" of Rule 8 and constituted a shotgun pleading.  (Doc. 124, at 3.)  The question before the Court now is whether the First

---

[2]Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority.

Amended Complaint can still be said to violate Rule 8 now that all claims except those against the Nationwide defendants have been severed and dismissed. The undersigned finds that the answer to that question is yes.

Plaintiffs appear to bring six claims against the Nationwide defendants. In none of these claims do Plaintiffs provide a "short and plain statement" of the claim that would indicate that they are entitled to relief. Plaintiffs' allegations remain lengthy and convoluted, spanning many years and bringing together numerous unrelated factual incidents. In Count XI, for example, Plaintiffs purport to bring a claim for uninsured motorist benefits against Nationwide. The factual "support" for the claim, however, includes allegations that Defendant Law mocked Plaintiff Day-Petrano, that Defendants Nationwide and Law stalked her website and Facebook page, cyberbullied her, deliberately "inflicted enormous aggravation" on her brain injury by making "low ball settlement offers," and committed disabled and elderly abuse by harassing Plaintiff Day-Petrano's sister-in-law. (Doc. 113, at 144.) The Court has repeatedly noted that this type of "shotgun" pleading is wasteful of scarce judicial resources and creates challenges for defendants who must respond to the allegations of the complaint. In light of these ongoing issues, the undersigned recommends that the First Amended Complaint be dismissed in its entirety.

### (2) Rule 10 of the Federal Rules of Civil Procedure

Defendants also allege that dismissal is warranted because the First Amended Complaint violates Rule 10(b) of the Federal Rules of Civil Procedure, which requires parties to state "claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Rule 10(b) also requires "each claim

founded on a separate transaction or occurrence" to be "stated in a separate count," "if

doing so would promote clarity."  The Court agrees that Plaintiffs' First Amended

Complaint violates the prescriptions of Rule 10(b), as many numbered paragraphs

encompass multiple sets of circumstances, to say the least.  This creates confusion in

the complaint and makes it difficult for the Nationwide defendants to ascertain what

transactions and factual allegations form the basis for the claims against them.  In light

of the undersigned's recommendation that the case be dismissed for violating Rule 8,

as discussed above, and for failure to state a claim upon which relief can be granted, as

discussed below, the undersigned declines to recommend dismissal on this ground.

### (3) Failure to State a Claim Upon Which Relief Can Be Granted

Defendants assert that the First Amended Complaint has failed to state a claim

upon which relief can be granted against any of the Nationwide defendants.  Following

severance of the other defendants and dismissal of those claims, the First Amended

Complaint, liberally construed, purports to raise six claims against the Nationwide

defendants: Count III, violation of Title III of the Americans with Disabilities Act; Count

V, violation of 42 U.S.C. § 1981; Count VI, violation of 42 U.S.C. § 1982; Count VII,

violation of 42 U.S.C. § 1983; Count XI, a claim for uninsured motorist benefits; and

Count XII, requesting a declaratory judgment with respect to automobile insurance

benefits.

In Count V, Plaintiffs allege that the Nationwide defendants have violated 42

U.S.C. § 1981 by discriminating against Plaintiffs in the formation of contracts, due to

their Jewish race.  "In order to make out a *prima facie* case of non-employment

discrimination sufficient to withstand a motion for judgment as a matter of law under

section 1981, a plaintiff will have to establish that (1) he or she is a member of a racial

minority; (2) the defendant had an intent to discriminate on the basis of race; and (3)

the discrimination concerned one or more of the activities enumerated in the statute."

*Rutstein v. Avis Rent-a-Car Systems, Inc.*, 211 F.3d 1228, 1235 (11th Cir. 2000).

Plaintiffs claim that they were "subject to different terms and conditions of their

contracts with the defendants" than non-Jewish persons, and request that the Court

order the Nationwide defendants to pay Plaintiffs' claims up to "the full policy limits they

have refused to pay and/or unreasonably delayed."  (Doc. 113, at 99, 100.)  While

Plaintiffs have alleged that they are members of a protected minority, they have

identified no factual support at all for the conclusory allegation that they were subject to

different contractual terms than non-Jewish persons.   They have also provided no

specific facts whatsoever to support a finding that the Nationwide defendants had an

intent to discriminate on the basis of race.  A showing of intent to discriminate is a

"critical element" of a claim under § 1981.  *Rutstein*, 211 F.3d at 1235.  Accordingly, the

undersigned recommends that Plaintiffs' claim under 42 U.S.C. § 1981 be dismissed for

failure to state a claim upon which relief can be granted.

     In Count VI (improperly numbered as Count V), Plaintiffs allege that the

Nationwide defendants have violated 42 U.S.C. § 1982 by discriminating against them

based on their Jewish race, thereby depriving them of their property.  To state a claim

under § 1982, plaintiffs are "required to demonstrate that [they were] deprived of [their]

property interest because of an intentional act based on racial animus."  *Humphrey v.*

*United Parcel Service*, 200 F. App'x 950, 952 (11th Cir. 2006) (citing *Jackson v.*

*Okaloosa Cnty., Fla.*, 21 F.3d 1531, 1543 (11th Cir. 1994)).  Plaintiffs generally allege

that they "were subject to interference with their rights to inherit, purchase, lease, sell, hold, and convey real and personal property," and that this interference was based on their race. (Doc. 113, at 105.) Again, however, Plaintiffs provide no factual support whatsoever for this claim. Absent any facts to support a claim that the Nationwide defendants engaged in intentional discrimination, Plaintiffs have failed to make out a viable claim under § 1982. Accordingly, the undersigned recommends that Plaintiffs' claim under 42 U.S.C. § 1982 be dismissed for failure to state a claim upon which relief can be granted.

In Count VII (improperly numbered as Count VI), Plaintiffs allege that the Nationwide defendants "jointly participated with state and/or county officials in a conspiracy to discriminate." (Doc. 113, at 109.) A successful section 1983 action requires a plaintiff to show that she was deprived of a federal right by a person acting "under color of state law." *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing *Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978)). A person acts under color of state law when he acts with authority possessed by virtue of his employment with the state. *Edwards v. Wallace Community College*, 49 F.3d 1517, 1522 (11th Cir. 1995) (citing *West v. Atkins*, 487 U.S. 42, 48-50 (1988)). "The dispositive issue is whether the official was acting pursuant to the power he/she possessed by state authority or acting only as a private individual." *Id.* at 1523 (citing *Monroe v. Pape*, 365 U.S. 167, 183-84 (1961)(*overruled on other grounds by Monell v. Department of Social Servs.*, 436 U.S. 658 (1978))).

Although private individuals and entities may be held liable under §1983, such persons must be jointly engaged with state officials in the prohibited conduct to

constitute acting under color of state law for purposes of the statute. *Adickes v. Kress & Co.*, 398 U.S. 144, 152 (1970). To hold that private parties are acting under color of state law pursuant to 42 U.S.C. § 1983, a Plaintiff must prove one of the following three conditions: (1) that the state has coerced or significantly encouraged the parties to violate the Constitution; (2) the private parties performed a public function that was traditionally the exclusive province of the State; or (3) the State had so far insinuated itself into a position of interdependence with the private parties that it was joint participant in the enterprise. *Rayburn, ex rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347 (11th Cir. 2001).

Here, Plaintiffs' complaint is utterly devoid of any allegations that any of the Nationwide defendants acted pursuant to state authority or in concert with or jointly with state actors such that they could be considered to act "under color of state law." Indeed, the First Amended Complaint fails to mention what discriminatory activity, if any, the Nationwide defendants are alleged to have committed. Accordingly, the undersigned recommends that Plaintiffs' claim under 42 U.S.C. § 1983 should be dismissed for failure to state a claim upon which relief can be granted.

Counts XI and XII relate to Plaintiffs' insurance claims against the Nationwide defendants. In Count XI (improperly numbered as Count X), Plaintiffs purport to bring a "personal injury" claim against Defendant Nationwide. (Doc. 113, at 140.) Plaintiffs allege that this count "is an action for damages because of an underinsured motorist for coverage that has remained past due and owing" since January 2009. *Id.* Plaintiffs appear to assert that they were struck by an underinsured motorist, and that Defendant Nationwide paid this claim, but that Defendant Nationwide refused to pay a claim for a

so-called "second collision" that occurred when Plaintiff Mary Katherine Day-Petrano's seat belt broke and she hit the interior of the car. Plaintiffs allege that Defendant Law mocked Plaintiff Day-Petrano, and that Defendants Nationwide and Law stalked her website and Facebook page, cyberbullied her, deliberately "inflicted enormous aggravation" on her brain injury by making "low ball settlement offers," committed disabled and elderly abuse by harassing Plaintiff Day-Petrano's sister-in-law and mother-in-law, and acted with "deliberate indifference" and "malice and oppression" towards Plaintiff Day-Petrano's brain injury, with the result that her "medical diagnostics, care, and treatment" was cut off. (Doc. 113, at 144, 147, 149.) Plaintiffs conclude their discussion of this count with citation to Florida law governing damages in state-law tort claims.

Insofar as Plaintiffs assert a tort claim against the Nationwide defendants, they have failed to demonstrate that the court has subject-matter jurisdiction over the state-law claims, and there appears to be no basis for exercising supplemental jurisdiction. *See* 28 U.S.C. §§ 1331, 1332(a)(1). Plaintiffs have also failed to provide factual support for any insurance claims they may be asserting in this count, including any factual details regarding the insurance policy with Defendant Nationwide. Accordingly, the undersigned recommends that Plaintiffs' claim in Count XI be dismissed for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.

In Count XII (improperly numbered as Count XI), Plaintiffs request declaratory relief against Defendant Nationwide for "seat restraint breakage "second collision" and to vacate settlement agreement without notice to Day-Petrano to evade paying her loss

of consortium." (Doc. 113, at 150.)   There are no factual details whatsoever regarding the purported settlement agreement to permit the Court to determine what type of claim is being asserted.  Furthermore, Plaintiffs have again failed to provide factual support for any insurance claims they wish to assert, including any basic factual information regarding the purported insurance policy and Plaintiffs' claims under the policy.  Finally, Plaintiffs have failed to demonstrate that the Court has subject-matter jurisdiction over this state-law claim.  In the absence of such factual detail, the undersigned recommends that Count XII should be dismissed for failure to state a claim upon which relief can be granted and for lack of subject-matter jurisdiction.

It appears that the only claim that merits discussion in this case is Count III, alleging violation of Title III of the Americans with Disabilities Act.  Plaintiffs allege that the Nationwide defendants have discriminated against them due to their disabilities, specifically by failing to provide "e-PURPLE Internet electronic communications access for **all** written and spoken communications involving defendants and/or their clients, as well as a specifically trained Autism language translator, interpreter, and transcriber to Autistic plaintiff MKDP at all points of contact, interaction, and determinations." (Doc. 113, at 87) (emphasis in original).  Plaintiffs allege that the "black & white small print documents" provided by the Nationwide defendants were not legible to Plaintiff Mary Katherine Day-Petrano.  *Id.* at 88.  Plaintiffs also allege that Plaintiff Mary Katherine Day-Petrano's inability to read the black and white documents may have been "the basis to deny plaintiffs' insurance claims in violation of the ADA." *Id.*  Finally, Plaintiffs allege that they suffer the loss of income-earning opportunities "due to having to expending [sic] about 30 minutes per black & white print page to perform scanning and

conversion to e-PURPLE electronic print." *Id.* at 89. Plaintiffs request declaratory and injunctive relief, the latter of which includes a request to enjoin the Nationwide defendants from withholding "the payment under the full policy limits of any of plaintiffs [sic] insurance claims with defendants." *Id.* at 90.

42 U.S.C. § 12182(a) provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." To prevail on a discrimination claim under Title III of the ADA, Plaintiffs must show that they are disabled, that the Nationwide defendants are a private entity that owns, leases, or operates a place of public accommodation, and that the plaintiffs were denied public accommodations by the defendants because of their disability. *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). Because Plaintiffs properly allege that they are disabled, the threshold question for Plaintiffs' Title III claim is whether the Nationwide defendants are a "public accommodation" for the purposes of the ADA.

The ADA identifies twelve categories of "places of public accommodation." 42 U.S.C. § 12181(7). "Public accommodations" include:

(A) an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor;

(B) a restaurant, bar, or other establishment serving food or drink;

(C) a motion picture house, theater, concert hall, stadium, or other place of exhibition or entertainment;

(D) an auditorium, convention center, lecture hall, or other place of public gathering;

(E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment;

(F) a laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment;

(G) a terminal, depot, or other station used for specified public transportation;

(H) a museum, library, gallery, or other place of public display or collection;

(I) a park, zoo, amusement park, or other place of recreation;

(J) a nursery, elementary, secondary, undergraduate, or postgraduate private school, or other place of education;

(K) a day care center, senior citizen center, homeless shelter, food bank, adoption agency, or other social service center establishment; and

(L) a gymnasium, health spa, bowling alley, golf course, or other place of exercise or recreation.

42 U.S.C. § 12181(7). At the outset, it is clear that Defendants Carl Schwait and Earl Law are not "public accommodations" within the meaning of the ADA, and the undersigned recommends that Count III should be dismissed as to them.

The statute explicitly lists "insurance offices" as covered under Title III, at least as far as access to the physical structure of an insurance office is concerned. In the insurance context, the circuit courts are split on whether Title III exclusively covers access to physical structures, or whether the enumerated categories also cover

services provided by public accommodations outside of the physical structure of an office.  *Compare Carparts Dist. Cntr., Inc. v. Automotive Wholesaler's Asso. of New England*, 37 F.3d 12 (1st Cir. 1994) (holding that Title III covers the activities of insurance companies, even when physical structures are not involved); *Parker v. Metropolitan Life Ins. Co.*, 121 F.3d 1006 (6th Cir. 1997) (holding that Title III applies only to physical structures and does not govern the contents of an insurance policy); *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104 (9th Cir. 2000) (finding that Title III applies if there is a "nexus" between the physical structure of the public accommodation and the services offered).  While the Eleventh Circuit does not appear to have spoken on the issue in the insurance context, "[i]n interpreting the plain and unambiguous language of the ADA, and its applicable federal regulations, the Eleventh Circuit has recognized Congress' clear intent that Title III of the ADA governs solely access to physical, concrete places of public accommodation."  *Access Now, Inc. v. Southwest Airlines, Co.*, 227 F. Supp. 2d 1312, 1318 (S.D. Fla. 2002) (citing *Rendon v. Valleycrest Prods., Inc.*, 294 F.3d 1279, 1283-84 (11th Cir. 2002); *Stevens v. Premier Cruises, Inc.*, 215 F.3d 1237, 1241 (11th Cir. 2000)).

    In this case Plaintiffs have made no allegations that they are unable to access the physical structure of Defendant Nationwide's offices.  They have also made no allegations that there is a "nexus" between the complained-of activity and the physical structure.  *Cf. Rendon*, 294 F.3d at 1284 (finding that plaintiffs stated a claim under Title III of the ADA where they alleged that they were unable to participate in the telephonic selection process for a televised contest "held in a concrete space").

    Moreover, even assuming *arguendo* that Defendant Nationwide was considered

a "public accommodation" within the meaning of the ADA, such that appropriate auxiliary aids to facilitate communication might be necessary—which it is not—the First Amended Complaint would still fail to state a claim upon which relief can be granted. 28 C.F.R. § 36.303 governs the provision of auxiliary aids and services in public accommodations. The code provides examples of such auxiliary aids, including interpreters and telecommunication devices for individuals who are deaf or hard of hearing, and readers, audio recordings, Brailled materials, and large print materials for individuals who are blind or have low vision. *Id.* § 36.303(b). The code directs public accommodations to "furnish appropriate auxiliary aids and services where necessary to ensure effective communication with individuals with disabilities," and notes that the "type of auxiliary aid or service necessary to ensure effective communication will vary in accordance with the method of communication used by the individual; the nature, length, and complexity of the communication involved; and the context in which the communication is taking place." *Id.* § 36.303(c). Under the plain language of the regulations, then, no single form of auxiliary aid and no single type of communication is mandated. Rather, the code directs that public accommodations provide *appropriate* aids that will ensure effective communication. Notably, the code specifically provides that the "ultimate decision as to what measures to take rests with the public accommodation." *Id.* § 36.303(c)(ii). *See Burkhart v. Washington Metropolitan Area Transit Auth.*, 112 F.3d 1207, 1213 (D.C. Cir. 1997) (noting that "[n]othing in the ADA itself or its implementing regulations dictates that a disabled person *must* be provided with the type of auxiliary aid or service he requests").

The allegations of the First Amended Complaint are insufficient to demonstrate that "e-purple" (an electronic format that is never defined in the 250-page complaint) is appropriate or necessary to ensure effective communication.  It appears that Plaintiff David Petrano was perfectly able and capable of reading the black-and-white printed documents provided by Defendant Nationwide, as Plaintiffs allege that he scanned and re-colored them for Plaintiff Mary Katherine Day-Petrano.  With respect to Plaintiff Day-Petrano, Plaintiffs do not allege that Defendant Nationwide failed, for example, to simply read the contents of the documents to her.  *See* Appendix B, Subpart C, Discussion of 28 C.F.R. § 36.303 (noting that the "auxiliary aid requirement is a flexible one," and that "a restaurant would not be required to provide menus in Braille for patrons who are blind, if the waiters in the restaurant are made available to read the menu."). Accordingly, the undersigned recommends that Plaintiffs' Title III ADA claim against defendant Nationwide should be dismissed for failure to state a claim upon which relief can be granted.

In sum, Plaintiffs' claim against the Nationwide Defendants encompasses nothing more than a simple claim based upon Plaintiff's disagreement with Nationwide concerning Nationwide's decision not to pay Plaintiffs on their claim for underinsured motorist coverage. There is no reason this claim should be in federal court and certainly there is no reason that would require Plaintiffs to expend more than 100 pages to set out the facts and elements of the claim. Moreover, what would appear to be a simple breach of contract claim against Nationwide cannot be transformed into a claim

cognizable in federal court simply because Plaintiffs claim they are disabled. If that was the only requirement for bringing a case under the ADA virtually every daily contact these Plaintiffs have with other citizens could be transformed into an ADA claim. While the Court fully appreciates the challenges a person with autism may have in seeking to manage the routine tasks of daily life, suing every individual and entity in sight with whom you disagree is not an appropriate response. This is particularly applicable to Plaintiff David Petrano, who as a member of the Bar, has an affirmative ethical and professional responsibility not to file claims, as here, that have little merit. Even more troubling than the fact that claims with no legal merit have been brought in this case is the fact that the complaint, amended complaint and the filings by the Plaintiffs, continuously and repeatedly have focused upon disparaging members of the Bar, the other litigants, and even this Court rather than focusing upon the law and the substance of the dispute with the Defendants. Plaintiffs have been given more than ample opportunity to cure deficiencies but have failed to do so instead electing to file pleadings short on substance but full of vitriolic and scandalous allegations. There is no reason that Plaintiffs should be permitted to continue to do so. Accordingly, dismissal of the amended complaint without further opportunity to amend is appropriate and necessary to bring this matter to an end.

## V.  **RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendants' Motions to Dismiss the First Amended Complaint (Docs. 154, 156) should be **GRANTED**, that the case should be dismissed with prejudice for violating Rule 8 of the

Federal Rules of Civil Procedure and for failure to state a claim upon which relief can be granted, and that judgment should be entered in favor of defendants Nationwide Mutual Fire Insurance Company, Carl Schwait, and Earl Law. The Court should retain jurisdiction to resolve the pending motions for sanctions under Rule 11 of the Federal Rules of Civil Procedure.[3]

**IN CHAMBERS** this 24th day of January 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.

---

[3] The Court also should deny "Plaintiffs Motion Requesting This Court Take Judicial Notice of Exhiibt "A" Filed in Her Social Security Action Pending In This Court" (Doc. 162) because the motion is moot in view of the recommendation that this case should be dismissed.

*Case No: 1:12-cv-86-SPM GRJ*