IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DAVID F. PETRANO, and
MARY KATHERINE DAY-PETRANO,
husband and wife,

    Plaintiffs,

v.                                      Case No. 1:12-cv-86-SPM-GRJ

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY, et al.,

    Defendants.

_____/

## ORDER

Pending before the Court is Defendant Nationwide Mutual Fire Insurance Company and Carl Schwait's Motion to Strike Plaintiff's Suggestion of Bankruptcy. (Doc. 192.) Upon direction from the Court, Doc. 198, Plaintiffs have responded to the motion. (Docs. 203, 204.) This order grants the motion.

## I. INTRODUCTION

The Court has set forth the long and convoluted procedural history of this case on a number of prior occasions. *See, e.g.*, Doc. 182. The short version of the case is this. Plaintiffs, a law school graduate and Florida attorney—both proceeding *pro se*—filed a 139-page complaint against multiple defendants, inappropriately linking claims of discrimination under the Americans with Disabilities Act, Plaintiffs' dispute with an insurer over an automobile accident, and a land dispute related to an easement. After the case was removed to federal court, Doc. 1, the Court directed Plaintiffs to file an amended Complaint. (Doc. 74.) Rather than remedy the problems in the original

shotgun pleading, Plaintiffs filed an amended complaint that exacerbated these issues. (Doc. 113.) The 226-page amended complaint asserted claims against 157 defendants, ranging from Plaintiff Mary Day-Petrano's rejection from the California Bar, to anonymous "Autism bullying" on Plaintiff Mary Day-Petrano's Facebook page, to the apparent foreclosure on Plaintiffs' property. In response to this filing, the Court recommended that the majority of the defendants be severed and dismissed due to misjoinder.

The case went forward against the first named defendants against whom there appeared to be related claims: Nationwide Mutual Fire Insurance Company, Earl Charles Law, and Carl Schwait ("the Nationwide defendants"). On January 24, 2013, the undersigned recommended that the motions to dismiss be granted and that the First Amended Complaint be dismissed for failure to state a claim. (Doc. 179.) Defendants Nationwide and Schwait have also requested Rule 11 sanctions against Plaintiffs due to their utterly frivolous filings. (Doc. 68.) On February 4, 2013, the undersigned recommended that sanctions should be awarded. (Doc. 182.)

Following entry of the Report and Recommendation recommending that sanctions should be awarded, Plaintiffs filed a Suggestion of Bankruptcy Upon the Record on February 12, 2013, advising that on February 11, 2013 the Plaintiffs filed a Voluntary Petition for Relief Under Chapter 12 of the United States Bankruptcy Code. (Doc. 191.) In the notice, Plaintiffs asserted that this action is subject to the automatic stay provided in 11 U.S.C. § 362. Defendant Nationwide promptly filed a motion to strike the notice of bankruptcy, on the grounds that the bankruptcy automatic stay would not apply in a case where, as here, the debtors were plaintiffs rather than

defendants. (Doc. 192.) The Court directed Plaintiffs to file a response to the motion to strike on February 15, 2013. (Doc. 198.) In that Order, the Court specifically directed that Plaintiffs' response should not exceed ten pages. On February 25, 2013, Plaintiffs filed a twelve-page response to the motion to strike. (Doc. 203.) On February 27, 2013, Plaintiffs filed a second, thirty-one page response to the motion to strike. (Doc. 204.) Because the second response is duplicative and clearly violates the Court's Order of February 15, 2013, the second response will be stricken.

## II. DISCUSSION

The Bankruptcy Code provides for an automatic stay of legal actions upon filing of a petition for bankruptcy, with certain exceptions not applicable here. 11 U.S.C. § 362. Specifically, the Code states that the filing of a bankruptcy petition operates as a stay of "the commencement or continuation. . . of a judicial, administrative, or other action or proceeding *against the debtor* that was or could have been commenced before the commencement of the [bankruptcy] case." 11 U.S.C. § 362(a)(1) (emphasis added). Under the plain language of the statute, it is actions against the debtor—*not* initiated by the debtor—that are stayed when the debtor files for bankruptcy. Here, the debtors are Plaintiffs in this case, and the automatic stay would not apply. *See Thomas v. Blue Cross & Blue Shield Ass'n*, 333 F. App'x 414, 420 (11th Cir. 2009) (holding that a debtor's counterclaim was not a claim "against the debtor" and therefore was not subject to the automatic stay) (citing *Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004); *Seiko Epson Corp. V. Nu-Kote Int'l, Inc.*, 190 F.3d 1360, 1364 (Fed. Cir. 1999); *Maritime Elec. Co. Inc. V. United Jersey Bank*, 959 F.2d 1194, 1205 (3d Cir. 1991)).

The Seventh Circuit has concisely summarized the sound policy behind the rule that the automatic stay is inapplicable to suits initiated by the debtor.  The purpose of the automatic stay

> is to protect the bankrupt's estate from being eaten away by creditors' lawsuits and seizures of property before the trustee has had a chance to marshal the estate's assets and distribute them equitably among the creditors.  H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. The fundamental purpose of bankruptcy, from the creditors' standpoint, is to prevent creditors from trying to steal a march on each other, *In re Holtkamp,* 669 F.2d 505, 508 (7th Cir.1982), and the automatic stay is essential to accomplishing this purpose.  There is, in contrast, no policy of preventing persons whom the bankrupt has sued from protecting their legal rights.  True, the bankrupt's cause of action is an asset of the estate; but as the defendant in the bankrupt's suit is not, by opposing that suit, seeking to take possession of it, subsection (a)(3) [referring to acts to obtain possession over property of the estate] is no more applicable than (a)(1) [referring to actions "against the debtor"] is.

*Martin-Trigona v. Champion Federal Sav. and Loan Ass'n*, 892 F.2d 575, 577 (7th Cir. 1989).

While Plaintiff's lawsuit is not subject to the automatic stay, there are also pending in this case a Report and Recommendation that recommends that Rule 11 sanctions be awarded against Plaintiffs, as well as two other sets of motions for Rule 11 sanctions against Plaintiffs.  (Docs. 182, 133, 171.)  While "it does not necessarily follow that the motion [for sanctions] should be treated for purposes of the automatic stay as a suit against the debtor," the Seventh Circuit has concluded that "probably it should be."  *Alpern v. Lieb*, 11 F.3d 689, 690 (11th Cir. 1993).  While the Eleventh Circuit does not appear to have spoken on the issue of whether a motion for sanctions against the debtor is subject to the automatic stay, the Seventh Circuit in *Alpern* specifically considered this issue and concluded that "a proceeding to impose sanctions

under Rule 11 is exempt from the automatic stay, pursuant to 11 U.S.C. § 362(b)(4), which exempts actions brought pursuant to governmental police or regulatory powers."

*Id.* (internal citations omitted). The court reasoned that the

> Rule 11 sanction is meted out by a governmental unit, the court, though typically sought by a private individual or organization—a nongovernmental litigant, the opponent of the litigant to be sanctioned. . . The private enforcer, sometimes called a "private attorney general," can be viewed as an agent of the "governmental unit," the federal judiciary, that promulgated Rule 11 in order to punish unprofessional behavior. The fact that the sanction is entirely pecuniary does not take it out of section 362(b)(4).

*Id.* This result is consistent with courts that have found that sanctions proceedings under other provisions of the Federal Rules were not subject to the automatic stay. *Sabre Group, Inc. V. European American Travel, Inc.*, 192 F.3d 126, 126 (5th Cir. 1999) (sanctions proceedings under Federal Rule of Civil Procedure 16(f) not subject to the automatic stay); *In re Berg*, 198 B.R. 557, 559 (9th Cir. 1996) (sanctions proceedings under Federal Rule of Appellate Procedure 38 not subject to the automatic stay). The Court finds the reasoning of these cases persuasive, and holds that the sanctions proceedings against Plaintiffs in this case are not subject to the automatic bankruptcy stay.

As a final note, the Defendants devote a considerable amount of time in their motion to the discussion of whether an award of sanctions against Plaintiffs will ultimately be considered a dischargeable debt in the bankruptcy court. (Doc. 192.) This has nothing to do with whether the automatic stay applies to this case. The determination of whether an award of sanctions would be a dischargeable debt is within the jurisdiction of the bankruptcy court, not this court. The only question before the

Court is whether the instant action, including the motions for Rule 11 sanctions, is subject to the bankruptcy automatic stay. The answer to that question is no.

### III.  CONCLUSION

For the foregoing reasons, it is **ORDERED**:

1.  Defendant Nationwide Mutual Fire Insurance Company's Motion to Strike (Doc. 192) is **GRANTED**. Plaintiff's Suggestion of Bankruptcy Upon the Record (Doc. 191) is **STRICKEN**.

2.  Plaintiffs' Response to the Motion to Strike (Doc. 204) is **STRICKEN**.

**DONE AND ORDERED** this 4th day of March 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge