IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DAVID F. PETRANO, and
MARY KATHERINE DAY-PETRANO,
husband and wife,

      Plaintiffs,

v.                                       Case No. 1:12-cv-86-SPM-GRJ

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

      This case is before the Court on Doc. 68, Defendant Nationwide Mutual Fire Insurance Company and Schwait's ("Defendants") Motion for Rule 11 Sanctions, and Doc. 196, Defendants' Motion to Tax Fees and Costs. The undersigned has recommended that the motion for sanctions should be granted and that attorney's fees should be awarded to Defendants. (Doc. 182.) Defendants have now submitted a bill of costs for $40,316. (Doc. 196). Plaintiffs filed a response to the fee motion, Doc. 205, and the motion is therefore ripe for consideration. For the following reasons, the undersigned recommends that attorney's fees in the amount of $40,316 should be assessed as a sanction against Plaintiffs for their conduct in this case.

### I. Introduction

      In the Report and Recommendation recommending that Defendants' motion for sanctions be granted, the undersigned found that "because the defendants have been forced to defend against Plaintiffs' patently frivolous claims," "a monetary penalty in the

form of reasonable attorney's fees and expenses is the minimum necessary to deter repetition of the conduct." (Doc. 182, at 14.) Accordingly, the Court directed Defendants to submit affidavits and documents establishing the amount and reasonableness of the attorney's fees and expenses since the date the original complaint was filed.

Defendants seek a total of $40,316 in attorney's fees, dating from May 7, 2012 to January 29, 2013. This represents a total of 209 hours of partner time at the rate of $185.00 per hour, 8.4 hours of associate attorney time at the rate of $150.00 per hour, and 4.6 hours of paralegal time at the rate of $85.00 per hour. In support of the reasonableness of this amount, Defendants submitted an affidavit by Charles Carter, an attorney in Gainesville, Florida with experience in litigation of this type, who opines that the hourly rates charged by Defendants' counsel were reasonable, and that the hours expended by Defendants' counsel were reasonable and necessary.

## II. DISCUSSION

### A. The Lodestar

In the Eleventh Circuit, *Norman v. Housing Authority of City of Montgomery*[1] prescribes the law for determining the appropriate award of attorney's fees. First, the Court must multiply the number of hours reasonably expended by a reasonable hourly rate under what is known as the "lodestar" approach.[2] After determining the "lodestar", the Court may adjust the amount depending upon a number of factors, including the

---

[1] 836 F.2d 1292 (11th Cir. 1988).

[2] *Id*. at 1299, 1302.

quality of the results.[3]  As the fee applicant, Defendants bear the burden of establishing entitlement and documenting the appropriate hours and hourly rates.

### 1.    *Reasonable Hourly Rate*

The first part of the lodestar analysis is to determine the reasonable hourly rate for the hours for which the fee applicant is seeking attorney's fees.  A reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation."[4]  The fee applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates in the relevant community.[5]  Satisfactory evidence consists of more than the affidavit of the attorney who performed the work.[6]   The Eleventh Circuit has recognized that the Court itself is an expert with regard to the hourly rates charged in the local community.[7]

Here, Defendants were represented first by Richard K. Bowers, a partner at Banker Lopez Gassler, P.A.  Trevor Rhodes, another partner at the firm, subsequently took over the representation, and was assisted by associate attorney Christian Calcines and paralegal Tammie Shirey.  Mr. Bowers and Mr. Rhodes request an hourly rate of $185.00, Mr. Calcines requests an hourly rate of $150.00, and Ms. Shirey requests an

---

[3] *Id*. at 1302.

[4] *Norman*, 836 F.2d at 1299.

[5] *Id*.

[6] *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (quoting *Norman*, 836 F.2d at 1299).

[7] *Norman*, 836 F.2d at 1303.

hourly rate of $85.00.

In determining the appropriate hourly rate, the Court must first determine whether the Court should use the Northern District of Florida – where the case was filed – or the rates charged in Tampa, where Banker Lopez Gassler is located, as the relevant legal market.  The general rule is that the appropriate hourly rate is determined by the legal market where the lawsuit is filed.[8]  The Court therefore concludes that the market rate to be applied is the hourly rate charged in the North Central Florida legal market by someone with expertise in the area who is willing and able to take the case.

According to Mr. Carter, Defendants' expert on attorney's fees, the rates of $185.00 per hour for partners, $150.00 per hour for associates, and $85.00 per hour for paralegals is reasonable in comparison with the prevailing market rate in the local legal community for lawyers with comparable skills.  Mr. Carter opines that "higher rates for these attorneys and staff would certainly be justified and reasonable," and the Court agrees.  (Doc. 196-2, at 2.)  The Court finds that an hourly rate from $200.00 to $300.00 is reasonable for a partner in the Gainesville and the North Central Florida legal market, and thus the rate of $185.00 is not only reasonable, but less than expected.

### 2.    *Reasonable Number of Hours*

The second step in determining the lodestar is to assess the reasonable number of hours expended.[9]  The fee applicant bears the burden of documenting the

---

[8] *Cullens v. Ga. Dept. Of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994).

[9] *Norman*, 836 F.2d at 1302.

appropriate number of hours.[10]  Proof of the hours dedicated to the litigation and any

corresponding objections must be made with sufficient specificity.[11]  The Court should

exclude hours that are: (1) excessive or otherwise unnecessary; (2) redundant; and (3)

spent on discrete and unsuccessful claims.[12]  A lawyer requesting fees is required to

exercise billing judgment. Consequently, "a lawyer may not be compensated for hours

spent on activities for which he would not bill a client of means who was seriously intent

on vindicating similar rights."[13]

Here, Plaintiff's counsel has requested an award of attorney's fees for 209 hours

of partner time, 8.4 hours of associate time, and 4.6 hours of paralegal time for work

performed in connection with this matter.  While Plaintiffs have objected to this

estimate, Plaintiff have not offered any grounds or specifics challenging the time

expended by Defendants' counsel.  (Doc. 205.)  Rather, in a thirty-page objection,

Plaintiffs devote only one paragraph addressing the amount of fees requested by

Defendants.  Plaintiffs advance the specious argument that Defendants were unofficial

"translators" of Plaintiffs' myriad filings, and that the Court relied on these translations

throughout the course of the litigation.  Plaintiffs claim that Defendants' itemized listings

of the fees incurred in defending this lawsuit did not "specifically break ... down" the

"'decipherer'-translator fees," and that the fee listings were therefore "fraudulently being

---

[10] *Id.* at 1303.

[11] *Id*. at 1301.

[12] *Id.* at 1301-02.

[13] *Id.* at 1301.

mislabeled." (Doc. 205, at 5.) To describe this argument as specious is an understatement.[14] Plaintiffs make no other objection to the reasonableness of the hourly rate charged by Defendants' counsel or to the reasonableness of the attorney time incurred in this matter.

Notwithstanding Plaintiffs' failure to raise any particularized or specific objection to Defendants' calculation of time expended on this case, the Court has conducted its own thorough evaluation of the itemized fee listings submitted by Defendants in support of the fee motion. Based upon the Court's review of the fee petition the Court concludes that the hours expended in defending the case were not only reasonable, but considerably less than expected.

At the outset, the Court notes that Defendants' counsel was hired to defend Nationwide, Mr. Schwait, and Defendant Charles Law. However, Mr. Law was never properly served, and accordingly was not properly made a party to this case. The motion for sanctions under Rule 11, therefore, was filed only by Defendants Nationwide and Schwait. Defendants' counsel was conscientious in removing any listings for

---

[14] Plaintiffs repeatedly assert, in their objection to the fee motion and in the many other frivolous motions and objections that they have filed in this case, that the Court refuses to read and/or has failed to read Plaintiffs' myriad filings. In so asserting, Plaintiffs' twist the Court's characterization of their filings—as convoluted, lacking organization, illogical, and nonsensical—into an assertion that the Court has refused to actually read the filings. Plaintiffs assert that the Court has relied, instead, on Defendants' counsel Mr. Rhodes to "translate" Plaintiffs' filings for the Court. Let there be no mistake: in this case, which currently totals 223 docket entries in which Plaintiffs have filed *thousands* of pages of utterly frivolous and often malicious pleadings and which has been pending on this Court's calendar for almost a year, the Court has read *every page of every filing*, a painstaking and time consuming process, which has occupied hundreds of hours of the Court's time, resulting in the wasting of the Court's scarce and valuable judicial resources.

attorney time that related to the representation of Mr. Law, as those fees would not be recoverable in this action.

The Court finds that in light of the convoluted history of this case—which featured a 139-page complaint; a 226-page amended complaint against 157 defendants; misjoinder of claims and parties; allegations of "Autism bullying" levied against Defendants and dozens of other parties, lawyers, and law firms; three separate sets of motions for sanctions; Plaintiffs' apparent attempt to avoid sanctions by declaring bankruptcy; and a host of legal issues ranging from the Americans with Disabilities Act to uninsured motorist claims to claims of race and religious discrimination—the hours expended in defending the case are more than reasonable and are actually less than the Court would have considered reasonable in a case of this type.

## III.  RECOMMENDATION

For the foregoing reasons, it is respectfully **RECOMMENDED** that:

1.  Defendant Nationwide Mutual Fire Insurance Company and Carl Schwait's Motion to Tax Fees and Costs (Doc. 196) should be **GRANTED**.

2.  Plaintiffs should be directed to pay the sum of $40,316 to Defendants as sanctions under Rule 11 of the Federal Rules of Civil Procedure.

**IN CHAMBERS** at Gainesville, Florida this 26th day of March 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## <u>NOTICE TO THE PARTIES</u>

Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.