**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

DAVID F. PETRANO and
MARY KATHARINE DAY-PETRANO,
husband and wife,

        Plaintiffs,

v.                                  CASE NO.: 1:12cv86-SPM/GRJ

OLD REPUBLIC NATIONAL TITLE
INSURANCE COMPANY, et al.

        Defendants.
_____/

**O R D E R**

Pending before the court is the magistrate judge's Report and Recommendation dated January 24, 2013 (doc. 179), recommending dismissal with prejudice of the plaintiffs' amended complaint (doc. 113); and the magistrate judge's Report and Recommendation dated February 4, 2013 (doc. 182), recommending imposition of Rule 11 sanctions. The court has considered the plaintiffs' objections (docs. 181, 189, 190, and 199) under a *de novo* standard of review. Pursuant to Title 28, United States Code, Section 636(b)(1), the court concludes that both Reports and Recommendations should be adopted, as modified herein.

The findings and reasoning set forth in the January 24, 2013 Report and Recommendation (doc. 179) and in the February 4, 2013 Report and Recommendation (doc. 182) are adopted and incorporated herein by reference as if fully set forth, with the following modifications. In brief, the magistrate judge's findings and the record demonstrate that dismissal with prejudice and the imposition of reasonable attorneys' fees are warranted in this case for the plaintiffs' repeat filing of shotgun pleadings; their failure to comply with the court's order after receiving ample opportunity to do so and notice that dismissal with prejudice was contemplated; and for their pattern of filing frivolous and

vexatious claims. On June 13, 2012, the magistrate judge recommended dismissal of the original complaint with leave to amend, on grounds that it was an improper shotgun pleading, failed to state a claim, intermingled multiple unrelated claims and defendants, and contained many frivolous allegations and factually unsupported and unrelated claims. The order detailed deficiencies in the complaint and provided explicit notice to the plaintiffs, one of whom is a licensed attorney in the State of Florida and the other a law school graduate and are appearing *pro se*, that their failure to comply with the court's directives regarding further pleading would result in dismissal with prejudice without further notice. At the same time, the court also denied numerous miscellaneous motions by plaintiffs that were similarly lacking in merit. The amended complaint (doc. 113) did not comply with the court's directives, as detailed in the report and recommendation (doc. 179) and in a prior show cause order (doc. 116), in which the magistrate judge gave the plaintiffs an opportunity to respond and show cause why all but three of the 57 named defendants in the first amended complaint should not be dismissed with prejudice due to misjoinder and why the complaint should not be dismissed for failure to comply with Rules 8 and 20 of the Federal Rules of Civil Procedure and for failure to comply with a court order. After the plaintiffs responded, the district court adopted the magistrate judge's recommendation to dismiss all but three defendants due to misjoinder under Rule 20 and for failure to comply with a court order and denied the plaintiff's request to file a second amended complaint[1] finding that, like the first amended complaint, it failed to comply with Rule 8 and failed to comply with the court's June 13, 2012 order (doc. 124).

The court agrees with the magistrate judge's analysis and conclusion that the amended complaint as to the remaining defendants fails to state valid federal claims for relief based on the governing substantive law under Titles II and III of the Americans with Disabilities Act and under Title 42, United States Code, Sections 1981, 1982, and 1983; that the plaintiffs have not made a "short and plain" statement showing their entitlement to relief with "simple, concise, and direct" allegations as required under Rule 8(a)(2) & (d)(1)

---

[1] The plaintiffs' proposed second amended complaint, offered in response to the magistrate judge's show cause order, is also over 200 pages of rambling, unrelated, and frivolous claims that fail to satisfy Rule 8 or the court's order. (Doc. 122, at 41-302).

but continue to offer frivolous shotgun pleadings; and that, even to the extent any meritorious claim could be stated under state law, the plaintiffs have been given ample opportunity to cure deficiencies in the pleading but have instead elected to pursue pleadings "full of vitriolic and scandalous allegations." (Doc. 179, at 18). Based on the documents the plaintiffs have filed in this case, including the proposed second amended complaint, it would be futile to allow them another opportunity to amend. The court agrees that dismissal pursuant to Rule 8 is appropriate for the failure to present a nonfrivolous pleading that states a claim after being given ample opportunity to do so. *See generally Hill v. Bank of Am., Inc.*, No. 12-11740, 2013 WL 913852, at *2-3 (11th Cir. 2013) (acknowledging Eleventh Circuit precedent indicating that dismissal with prejudice is not an abuse of discretion "after three unsuccessful attempts to meet Rule 8(a)'s very low threshold"); *Lee v. Alachua Cnty., FL*, 461 Fed. Appx. 859, 860 (11th Cir. 2012) (stating where a more carefully drafted complaint might state a claim, *pro se* litigants must be afforded at least one opportunity to amend the complaint before it is dismissed with prejudice). The court alternatively finds, based on the entire record and the magistrate judge's findings, that the plaintiffs failed to comply with a court order (doc. 74) to narrow pleadings, correct specific deficiencies, and exclude scandalous and frivolous matter after receiving notice that their failure to comply could result in dismissal, rendering dismissal with prejudice also appropriate pursuant to Rule 41(b) for contumacious conduct and on the court's finding that no lesser sanction will suffice in this instance. *See* Fed. R. Civ. P. 41(b); *see Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337–38 (11th Cir. 2005).

Defendants' motion for Rule 11 sanctions requested dismissal of the original complaint with prejudice as well as attorneys' fees and costs on grounds that the complaint was "so completely lacking in factual and legal foundation that sanctions are warranted." (Doc. 68, at 4). The magistrate judge made findings that the plaintiffs have filed repeated frivolous claims and motions in this case and have demonstrated a long pattern of litigation abuse in Florida. (Doc. 182). Further, as the magistrate judge found, the plaintiffs have forced the defendants "to defend against Plaintiffs' patently frivolous claims, both in the original Complaint and through the rash of meritless motions that Plaintiffs filed after the

case was removed to federal court." (Doc. 182, at 14). The magistrate judge concluded that the sanction of reasonable attorneys' fees would suffice, after already having recommended dismissal of the complaint with prejudice for their failure to comply with Rule 8.

Considering the whole record, the undersigned concludes that the plaintiffs' conduct warrants an award of attorneys' fees and also warrants dismissal with prejudice, pursuant to Rule 11 and this court's inherent authority. *See Donaldson v. Clark*, 819 F.2d 1551, 1557 & n.6 (11th Cir. 1987) (noting Rule 11 and the court's inherent power authorize the imposition of appropriate sanctions for abusive litigation practices or violations of court orders). In the first amended complaint and proposed second amended complaint the plaintiffs not only continued to assert frivolous claims and scandalous matter despite having been warned that dismissal with prejudice and without further notice was contemplated, but they added more unrelated defendants and more frivolous claims. The plaintiffs then also filed motions for sanctions against defendants that the magistrate judge correctly found to be devoid of merit, frivolous, and retaliatory and vexatious in nature. Reasonable attorneys fees and also dismissal with prejudice are appropriate and necessary sanctions in this case.

Accordingly it is ORDERED:

1. The Report and Recommendation (doc. 179) is ADOPTED and incorporated herein by reference and as modified above.

2. The Report and Recommendation (doc. 182) is ADOPTED and incorporated herein by reference and as modified above.

3. The defendants' motions to dismiss the first amended complaint (docs. 154 and 156) are GRANTED.

4. Defendant Nationwide Mutual Fire Insurance Company and Carl Schwait's Motion for Rule 11 Sanctions (doc. 68) is GRANTED.

5. Plaintiffs' motions for Rule 11 sanctions (docs. 89 and 90) are DENIED..

6. This case is DISMISSED WITH PREJUDICE for the plaintiffs' violation of Rule 8 of the Federal Rules of Civil Procedure and failure to state a claim upon which relief

can be granted after having ample opportunity to amend; pursuant to Rule 41(b); pursuant to Rule 11; and pursuant to this court's inherent authority to sanction.

      7.     The Clerk shall enter judgment in favor of Defendants Nationwide Mutual Fire Insurance Company, Carl Schwait, and Earl Law, and close the file for administrative purposes.

      8.     The court retains jurisdiction to award sanctions. Within ten (10) days, Defendants Nationwide and Schwait should submit affidavits and documents establishing the amount and reasonableness of the attorney's fees and expenses incurred since the date the original complaint was filed, which shall be referred to the magistrate judge for the preparation of a report and recommendation.

      9.     Plaintiffs "Motion Requesting This Court Take Judicial Notice of Exhibit "A" Filed in Her Social Security Action Pending in This Court (Summary of Her Disabilities and Impairments Of Which Defendants Have Notice)" (doc. 162) is DENIED AS MOOT.

      **DONE AND ORDERED** this 29th day of March, 2013.

      *M. Casey Rodgers*
      **M. CASEY RODGERS**
      **CHIEF UNITED STATES DISTRICT JUDGE**