**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

DAVID F. PETRANO and
MARY KATHARINE DAY-PETRANO,
husband and wife,

       Plaintiffs,

v.                             CASE NO.: 1:12cv86-SPM/GRJ

NATIONWIDE MUTUAL FIRE
INSURANCE COMPANY, et al.

       Defendants.

_____/

**O R D E R**

The plaintiffs have been ordered to pay attorney's fees and costs as a sanction for filing frivolous claims and motions in this case. (Docs. 182 and 225). The magistrate judge issued a Report and Recommendation finding that Defendants Nationwide and Schwait reasonably incurred $40,316.00 in attorney's fees and costs. (Doc. 224). The plaintiffs filed objections. (Docs. 231 and 232). The plaintiffs also filed a motions for reconsideration and a motion to set aside the judgment and all orders issued in this case. (Docs. 221, 222, 223, 227 and 233). Having considered the objections under a *de novo* standard of review pursuant to Title 28, United States Code, Section 636(b)(1), the court finds that the Report and Recommendation should be adopted. The court also finds that the plaintiffs' motions for reconsideration and motion to set aside the judgment and orders should be denied.

At first it should be noted that the plaintiffs make no objection to the amount of attorney's fees and costs determined by the magistrate judge to be reasonable. Notwithstanding, upon the court's own independent review, the court finds that the $40,316.00 amount is reasonable. The amount is also an appropriate sanction to impose on the plaintiffs.

In their objections and motions, the plaintiffs raise various arguments challenging the jurisdiction of the court. According to the plaintiffs, the court lacked jurisdiction to issue orders in this case because the defendants did not unanimously consent to removal. The plaintiffs also renew their argument that this case is subject to an automatic bankruptcy stay. They argue that this case was referred to the magistrate judge without their consent and that the magistrate judge was operating under a conflict of interest. The plaintiffs also argue that a guardian ad litem should have been appointed for plaintiff Mary Katherine Day-Petrano pursuant to Federal Rule of Civil Procedure 17(c).

On the issue of the defendants' unanimous consent to removal, the plaintiffs' argument fails for several reasons. First, the failure of defendants to consent to removal is a procedural defect. *In re Bethesda Mem'l Hosp., Inc.*, 123 F.3d 1407, 1410 n.2 (11th Cir. 1997). It is not a defect that undermines the jurisdiction of the court. *Id.* Second, the rule of unanimity requiring all defendants to consent to removal only applies to defendants who have been "properly joined and served." 28 U.S.C. § 1446(b)(2)(A). At the time of removal of this case on May 1, 2012, defendant Old Republic National Title Insurance Company was the only defendant who had been served. (See docs. 1, 5, and 58). Therefore, Old Republic National Title Insurance Company did not need to have the consent of the other defendants to remove the case to federal court. *Johnson v. Wellborn*, 418 F. App'x 809, 815 (11th Cir. 2011). Third, after this case was properly removed, defendant Citizens Property Insurance Corporation filed a motion to sever and remand the claims against it based on Eleventh Amendment immunity.[1] (Doc. 37). The motion to remand was authorized under Title 28, United States Code, Section 1448, which preserves the right of a defendant who is served with process after removal to move to remand. *Murphy Bros. Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 355 n.6 (1999). The motion to remand became moot because the claims against Citizens Property Insurance Corporation were severed and dismissed for improper joinder. (See docs. 124 and 152). Thus, there was no need for the court to rule on Citizens Property Insurance Corporation's motion to

---

[1] Citizens Property Insurance Corporation also filed motions to dismiss for improper venue (doc. 8) and for failure to state a claim upon which relief may be granted (doc. 9).

remand. Curiously, when Citizens Property Insurance Corporation's motion to remand was pending, the plaintiffs argued that the case was properly removed and objected to the motion to remand. (See doc. 47). Although the plaintiffs now argue that the removal was defective for lack of unanimity, their argument was waived when they failed to seek a remand within thirty days of the notice of removal. *See Grubbs v. Gen. Elec. Credit Corp.*, 405 U.S. 699, 702-04 (procedural defects in the removal process are waived when case proceeds to judgment without objection). Accordingly, the plaintiffs' objections and motions based on the purported defect in the removal procedure for lack of unanimity are overruled and denied.

The plaintiffs' argument regarding an automatic bankruptcy stay has been addressed in prior orders and rejected. (See docs. 206 and 217). The court finds no reason to alter its previous ruling. With regard to the plaintiffs' argument concerning the magistrate judge's handling of pretrial matters in this case without the plaintiffs' consent, the referral of pretrial matters to the magistrate judge is authorized under Title 28, United States Code, Section 636(b)(1) and Northern District of Florida Local Rule 72.2(E). The parties' consent is not required for Section 636(b)(1) referrals of pretrial matters and referrals of other matters for report and recommendation. *Rosel v. Withrow*, 538 U.S. 580, 585 (2003). The plaintiffs' argument that the magistrate judge should have been disqualified is without merit. A litigant cannot create a conflict of interest by asserting a frivolous claim against a judge since "unsupported, irrational, or tenuous allegations" are not sufficient to make a reasonable person question the judge's impartiality. *Fox v. Prudential Fin.*, 178 F. App'x 915, 919 (11th Cir. 2006); *see also United States v. Grennough*, 782 F.2d 1556, 1558-59 (11th Cir. 1986) ("[A] judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation."). The plaintiffs allegation that the magistrate judge colluded with the defendants is completely unsupported. The EEOC complaint filed by the plaintiffs against the magistrate judge is frivolous. In the same document in which the plaintiffs mention the EEOC complaint, they state that plaintiff Mary Katherine Day-Petrano "has the cognitive capacity of about a 10-12 year old child." Doc. 233 at ¶¶ 11 and 42. This assessment of

plaintiff Mary Katherine Day-Petrano's cognitive capacity is inherently inconsistent with the plaintiffs' EEOC claim that the magistrate judge should have hired her for a judicial law clerk position, and further demonstrates the plaintiffs' abuse of the litigation process.

Finally, regarding the plaintiffs' argument that a guardian ad litem should have been appointed for plaintiff Mary Katherine Day-Petrano under Federal Rule of Civil Procedure 17(c), the plaintiffs first made this argument in their motions for reconsideration filed on March 21, 2013 and March 25, 2013. (Docs. 221, 222 and 223). This was after the magistrate judge issued a report and recommendation that the case should be dismissed and sanctions should be imposed against them. (Doc. 182). In previous motions filed with the court, the plaintiffs requested disability accommodations for the plaintiff Mary Katherine Day-Petrano, but did not indicate that she was incompetent. Even now, the plaintiffs have not made a sufficient showing that the plaintiff Mary Katherine Day-Petrano is incompetent. Furthermore, the record in this case demonstrates that the plaintiff Mary Katherine Day-Petrano is able "to understand the nature and effect of the litigation she ha[s] instituted," which is the relevant inquiry when determining whether a guardian ad litem should be appointed in a federal civil case. *Bodnar v. Bodnar*, 441 F.2d 1103, 1104 (5th Cir. 1971).[2]

The plaintiff Mary Katherine Day-Petrano has not previously been adjudicated incompetent. As noted by the bankruptcy judge who declined to appoint a guardian ad litem for the plaintiff Mary Katherine Day-Petrano in pending bankruptcy proceedings, a finding of incompetency is a serious undertaking with potentially far-reaching consequences. (Doc. 234-1). Under the applicable substantive law in Florida a finding of incompetency requires expert opinions by an examining committee of three trained professionals in the fields of medicine, psychology, gerontology or social work, at least one of whom must be a psychiatrist or physician. § 744.331(3)(a), Fla. Stat. Each expert is required to submit a report regarding the alleged incapacitated person's ability to exercise the rights:

(a) To contract.

---

[2] Decisions from the former Fifth Circuit decided on or before September 30, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc).

    (b)  To sue and defend lawsuits.
    (c)  To apply for government benefits.
    (d)  To manage property or to make any gift or disposition of property.
    (e)  To determine his or her residence.
    (f)  To consent to medical and mental health treatment.
    (g)  To make decisions about his or her social environment or other social aspects of his or her life.

§ 744.3215(2), Fla. Stat.; § 744.331(3)(e), Fla. Stat.  Nothing approaching this kind of report has been provided to support the claim that the plaintiff Mary Katherine Day-Petrano is incompetent.  Furthermore, according to the plaintiffs, "Plaintiff [David] Petrano is under Order of the Sixth Judicial Circuit of Florida to be Plaintiff [Mary Katherine] Day-Petrano's caregiver."  (Doc. 42-1 at p. 10 ¶ 7).  Plaintiff David Petrano is a licensed Florida attorney. He is married to the plaintiff Mary Katherine Day-Petrano and he is litigating this case as her co-plaintiff.  Yet the plaintiffs are unwilling to have him act in the capacity of guardian ad litem if in fact the plaintiff Mary Katherine Day-Petrano was deemed incompetent.[3] (Doc. 234-1 at p. 5-6).

The record in this case, however, shows that the plaintiff Mary Katherine Day-Petrano is not incompetent because she understands the nature and effects of the litigation she has instituted.  Plaintiff Mary Katherine Day-Petrano is a law school graduate. In her affidavit filed on June 1, 2012, she states that she has been in contact with the Florida Bar but has been unable to retain any lawyer who has the training to help her in her numerous legal matters.  (Doc. 45 ¶ 12).  She states, "I have not been able to locate any lawyer in Florida with whom there is not a complete breakdown in Autistic and functional blind vision impairment deafness communication with them, and this is because they are ignorant of their accommodations duties owing to me under the ADA."  (Doc. 45 ¶ 12).  In that same affidavit, the plaintiff Mary Katherine Day-Petrano states that the prior claims of

---

[3] Despite this, assuming that the plaintiff Mary Katherine Day-Petrano is incompetent, the plaintiff David Petrano's interests in this case are aligned with the interests of the plaintiff Mary Katherine Day-Petrano so as to adequately represent and protect her interests without appointment of a guardian ad litem. *See McLean v. GMAC Mortg. Corp.*, 398 F. App'x 467, 470 (11th Cir. 2010) (appointment of guardian ad litem is not required under Rule 17(c) if the incompetent person's interests are otherwise adequately represented and protected).

litigation abuse against her resulted because she was not properly accommodated and she was barred from bringing her computer to court and thus prevented "from being able to communicate through the way I spend more than 98% of my time communicating with others." (Doc. 45 ¶ 11). No mention is made of her being incompetent and needing a guardian ad litem. On May 31, 2012, the plaintiffs asked for a court order directing the United States Administrative Office of the Courts to provide plaintiff Mary Katherine Day-Petrano with "a specific autism functional blind vision impairment deafness language interpreter/transcriber." (Doc. 41). Plaintiff Mary Katherine Day-Petrano explained that she "essentially only communicates in e-electronic Internet formats on her Autism computer, even within the home with David Petrano" and that she has "been punished in several courts before because the [c]ourthouses do not allow her to bring her Autism communications computer into the [c]ourthouses." (Doc. 41 at ¶ 3). Again, the plaintiffs' motion is not based on any claim of incompetency. The magistrate judge ruled that until a hearing was scheduled in the case, there was no need for an interpreter and the request for an interpreter was denied without prejudice. (Doc. 74 at p. 20). The magistrate judge also ruled that the plaintiff Mary Katherine Day-Petrano could bring her computer to court. (Doc. 74 at p. 19).

The fact that the plaintiff Mary Katherine Day-Petrano was accommodated for her disability does not mean that she is incompetent. The relevant inquiry for competency is whether the plaintiff Mary Katherine Day-Petrano is able to understand the nature and effect of the litigation she has instituted. *Bodnar*, 441 F.2d at 1104. Here the record demonstrates that she is. The plaintiffs are not entitled to relief based on the failure of the court to appoint a guardian ad litem for the plaintiff Mary Katherine Day-Petrano or on any of the other grounds stated in their motions and objections. Based on the foregoing, it is

ORDERED AND ADJUDGED:

1.      The Report and Recommendation (doc. 224) is ADOPTED and incorporated by reference in this order.

2.      The motions to reconsider and motion to set aside the judgment and orders (docs. 221, 222, 223, 227 and 233) are DENIED.

Case No. 1:12cv86-SPM/GRJ

3.      Defendant Nationwide Mutual Fire Insurance Company and Carl Schwait's Motion To Tax Fees and Costs (doc. 196) is GRANTED.

3.      The plaintiffs are directed to pay the sum of $40,316.00 to Defendants as sanctions under Rule 11 of the Federal Rules of Civil Procedure.  The clerk shall enter judgment accordingly.

**DONE AND ORDERED** this 1st day of July, 2013.


_s/ M. Casey Rodgers_

**M. CASEY RODGERS**
**CHIEF UNITED STATES DISTRICT JUDGE**